MARY A. JORDAN et al., Appellants, *v.* GEORGE W. POIL-LON et al., MARY A. FITZ GERALD et al., Purchasers, Respondents.

A purchaser upon a partition sale has a right to require a good title, and will not be compelled to complete his purchase and accept a deed which leaves him to the uncertainty of a doubtful title, or to the hazard of a contest with other parties which will seriously affect the value of the property.

Upon a motion to compel the purchasers upon a partition sale to complete their purchase, it appeared that the premises in question and other real

estate were formerly owned by A. and C., as tenants in common. A. died, leaving a will, by which, after bequeathing various legacies, he gave all the residue of his estate, real and personal, to his wife A. L. In pursuance of an agreement between her and C., partitioning the lands so held in common, A. L. deeded to C. the premises in question. C. died intestate, and the partition suit was between his heirs. The legatees of A. were not made parties. The opposing affidavits alleged that none of the said legacies had been paid, and that the estate of A. was insufficient to pay his debts. *Held,* that an order requiring the purchasers to complete their purchase was improper, as the question as to the lien of the legacies could not be determined so as to be binding upon the legatees who were not parties, and the purchasers might be subjected to the hazard and expense of another litigation; and that the difficulty was not obviated by the fact that a voluntary partition had been made between C. and A. L., as the legatees not having assented, and having received no notice, were not bound thereby.

(Argued June 3, 1879; decided June 17, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, requiring the purchasers on a partition sale herein to complete their purchase.

It appeared by the papers that prior to September 6, 1874, Cornelius Poillon and Alexander C. Poillon were seized as tenants in common of the land described in the complaint, and of other real estate. On that day Alexander died, leaving a will by which, after bequeathing various legacies amounting to $57,000, he devised and bequeathed his residuary estate, real and personal, to his wife Adeline L. Thereafter, in pursuance of an agreement for the division of the real estate so held in common, the widow conveyed to Cornelius the real estate in question, she receiving from him a conveyance of the other real estate. Cornelius died in 1875 intestate, and this action is by his heirs-at-law; the legatees under the will of Alexander, with the exception of three who were heirs of Cornelius, were not made parties. The purchasers refused to complete their purchases, on the ground that an undivided moiety of the premises was charged with the payment of the legacies. Their affidavits, in opposition to the motion to compel them to com-

plete their purchases, alleged that the said legacies were unpaid, and that the testator's estate were insufficient to pay his debts.

*R. Demill*, for appellants. The deeds between Cornelius Poillon and Adeline L. Poillon could only affect their respective interests, and not those of the legatees in any respect. (*Egbert* v. *Wood*, 3 Paige, 521; *Hutchinson* v. *Smith*, 7 id., 35; *Innes* v. *Lansing*, 7 id., 554; *Edgar* v. *Donnally*, 3 Munf., 387; 3 Kent's Com., 39.) It was incumbent on the parties to this action to give a good title to the lands sold, both at law and in equity. (*Coles* v. *Coles*, 15 J. R., 160; *Hallett* v. *Hallett*, 2 Paige, 15.)

*Samuel Hand*, for respondents. The sole devisee having made a voluntary partition with Cornelius Poillon during his life-time, and as nothing appears to gainsay it, it should be respected. (Freeman on Partition, § 415; *Bavington* v. *Clarke*, 2 Pen. & W., 175; *McLenathan* v. *McLenathan*, 2 id., 279; *Manly* v. *Pettee*, 38 Ill., 128; *Wood* v. *Fleet*, 36 N. Y., 499, 505; *Baker* v. *Lorillard*, 4 Comst., 257; *Jackson* v. *Vosburgh*, 9 J. R., 270 ; *Johnson* v. *Hardee*, 4 id., 202; *Brown* v. *Martin*, 20 Barb., 123; *Ryers* v. *Wheeler*, 25 Wend., 434; *Totten* v. *Stuyvesant*, 3 Edw. Ch., 513; *Jackson* v. *Edwards*, 22 Wend., 512; *Harwood* v. *Kerby*, 1 Paige, 471; *Trotton* v. *Copeland*, 7 J. R., 414, 417.) Even if the legacies may be said to be a charge on the real estate, still the legatees were not necessary or proper parties. (*Dunham* v. *Minard*, 4 Paige, 441, 442; 3 Bosw., 430; 1 Paige, 484; 8 id., 643; Pomeroy's Remedies and Remedial Rights, §§ 373, 374; 3 R. S. [6th ed.], § 44; 1 Paige, 470; 7 How., 307; 2 Barb. Ch. Pr., 288.)

MILLER J. The appellants refuse to complete their respective purchases made upon a partition sale, upon the ground that the title to the land is defective, and that a good title cannot be acquired by them. The defect alleged is that the

land is subject to the lien of certain legacies devised by the will of Alexander C. Poillon, amounting in the aggregate to $57,000, which are a charge upon the undivided moiety of the premises sold to them, which legacies have never been released or paid.

As the legatees named in the will referred to are not parties in this action, and cannot be heard upon this motion, any decision which the court might make would not be obligatory upon them. Without regard to the construction which might be placed upon the will, it would still be open to litigation in another action, and the purchasers or their grantees might be subjected to the hazard, expense and trouble of a law-suit, if the legatees should deem it proper to pursue such a course. Although the opinion which might be expressed in regard to the validity of these legacies would be entitled to some weight, it would not be controlling upon the parties who are not represented, and even might perhaps be overruled in another action to test the legality of their claim. Under such circumstances, it would seem to be superfluous to examine and decide the question raised as to the construction to be placed upon the will. It would be, at most, a declaration of the law which would not bind any one except the parties to this action and the purchasers, and beyond that entirely nugatory and of no effect whatever. The practice of deciding questions of this kind, under such a state of facts, should not be encouraged, and might be liable to great abuse. A purchaser on a partition or foreclosure sale has a right to expect that he will acquire a good title, and the law presumes that he bids with that object in view. He should not be left, upon receiving a deed, to the uncertainty of a doubtful title or the hazard of a contest with other parties, which may seriously affect the value of the property, if he desires to sell the same. It is easy to see how a claim of this kind might impair the value of the real estate sold, by casting a cloud over the title, or by subjecting the purchaser to the risks of a contest at law. From such a result he is entitled to protection, and the case should be very plain

which would authorize a court to decide a question arising on a motion to compel a party to take a conveyance; and then it should be determined only with the consent of such purchaser. The difficulty to which reference has been had is not obviated by the fact that a voluntary partition has been made of the premises among the owners; thus making the lien a charge on the portion of the land which is set apart to the person who represents the testator. Here, also, it will be seen that the legatees have received no notice, and upon no sound principle would they be bound by such a division. If a legacy is a lien upon the land, the legatee is entitled to notice of any proceeding which affects it, and therefore his rights cannot be settled by parties who make a partition without regard to him. For the reasons stated, the authorities cited in support of the doctrine that where a voluntary partition is made, the lien adheres to the share set apart to the party who stands in the testator's place, have, we think, no application.

In order to bind the legatees to any proceeding which affects their rights, they should have an opportunity to be heard; and when no notice is given, they cannot be precluded from asserting their claim afterwards. This, we think, is the general rule in all similar cases, and it is at least very doubtful whether any exception can be made which will relieve the plaintiff from the operation of such a rule. We are unable to see any valid ground which authorizes an order to compel the purchasers to take a deed, and are of the opinion that the order of the Special and General Term, should be reversed, the motion denied, and the referee should pay back to the several purchasers the amount paid on their several bids and auctioneer's fees, and that they should have the costs of opposing this motion and of the appeal.

All concur, except FOLGER, J., not voting, and RAPALLO, J., absent; EARL, J., concurring in result.

Ordered accordingly.