In the Matter of the Application of the Executors of PETER DOLAN, Deceased, for Authority to Sell so much of his Real Estate as shall be Necessary to Pay his Debts.

*Sale of real estate to pay the debts of the decedent — legatees whose legacies are charged upon it, are entitled to notice of the proceeding.*

When legacies are charged upon real estate, the legatees are entitled to notice of an application to the surrogate for an order directing the real estate to be sold to pay the debts of the testator; and no valid order therefor can be made unless such notice has been given.

Separate appeals of Felix Donnelly, Frederic Moeller and William Nelson, Jr., from orders of the surrogate of New York, denying their several petitions to be released from their respective purchases of real estate ordered to be sold to pay the debts of Peter Dolan, deceased.

*Geo. C. Blanke*, for the appellant Donnelly.

*F. De P. Forster*, for the appellant Moeller.

*Samuel Riker*, for the appellant Nelson.

*Jno. McKeon* and *J. Vincent*, for the executors, heirs and devisees of Dolan, respondents.

Davis, P. J. :

A number of interesting and embarrassing questions are presented on these appeals by the several appellants. But we do not deem it important to consider them all, inasmuch as a single one, applicable alike to each of the appeals, appears to us to be fatal to the order of the surrogate.

By his will the testator gave three legacies, to wit: the sum of $5,000 to his brother, Edward Dolan; the sum of $3,000 to the Rev. David A. Merrick, pastor of the Roman Catholic Church of St. Francis Xavier, in the city of New York, and the sum of $1,000 to the Society of St. Vincent De Paul; and after directing that those legacies shall be paid by his executors out of the rents, issues and profits of his real and leasehold estate, at such time and in such manner as they shall deem for the best interests of his

estate, he proceeded to charge his estate, real and leasehold, with the payment of said legacies.

In *Jordan* v. *Poillon* (77 N. Y., 518) it was held that legatees whose legacies are charged upon real estate are entitled to notice of any proceeding which affects the land; and when no notice is given cannot be precluded from asserting their claims afterwards.

That was the case of a judicial sale of lands in partition, and the purchaser refused to complete his purchase on the ground, among others, that legatees whose legacies had been made a charge on the real estate of the testator were not parties to the action. It was said by the court in the course of the opinion: "A purchaser on a partition or foreclosure sale has a right to expect that he will acquire a good title, and the law presumes that he bids with that object in view. He should not be left, upon receiving a deed, to the uncertainty of a doubtful title or the hazard of a contest with other parties which may seriously affect the value of the property if he desires to sell the same."

And it was also said: "In order to bind the legatees to any proceeding which affects their rights they should have an opportunity to be heard; and when no notice is given they cannot be precluded from asserting their claim afterwards."

In this case notice of the proceeding was given to but one of the legatees, Edward Dolan. The other two, so far as anything in the proceedings show, had no notice of their pendency, and did not in any manner appear therein. When this fact was discovered by the purchasers, who now appeal, each of them objected to complete his purchase on the ground, amongst other things, that such notice had not been given to such legatees.

The only answer made to the objection by the surrogate in his opinion is, that the objection seems to be untenable for the reason that the legacies, though so charged, are by law subject to the payment of decedent's debts. But this answer is not sufficient, for the legatees having had no notice or opportunity to be heard in the proceedings before the surrogate are not affected thereby, and the decree of the surrogate could not be pleaded in bar of any claim which they might set up hereafter to enforce their legacies against the lands bid off by the appellants. While it is true that their legacies were subject to the payment of the debts, they were never-

theless entitled to a hearing before the surrogate upon the questions of, to what debts and to what amount of indebtedness their legacies were subject; and unless that hearing was accorded to them the decree of the surrogate could not prevent their asserting at any future time, as an embarrassing lien, the charge upon the lands under the will. As was held in *Jordan* v. *Poillon* a purchaser is not bound to take the risk of such a question which might embarrass any future sale which he might desire to make, and would be a complete answer to any attempt to enforce the contract of such sale by an action for specific performance. Whether or not this difficulty might have been cleared out of the way is not for us to determine. It was, in our opinion, a fatal one, and sufficiently so to relieve us from the consideration of the other objections urged.

The order of the surrogate in respect to each of the appellants must be reversed, and the several petitions granted by orders giving relief in the usual form in such cases, with ten dollars costs and disbursements to each of the appellants.

Brady and Daniels, JJ., concurred.

Orders reversed and petition granted, with ten dollars costs and disbursements to each of the appellants.