DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## April, 1882.

---

DAVID B. LEE, PLAINTIFF AND RESPONDENT, *v.* ANNA P. LEE AND OTHERS, DEFENDANTS.

JOHN T. FARLEY, PURCHASER, APPELLANT.

*Conveyance of land fronting on a road — when the description commences on the side of the road the title of the grantee does not extend to its center — A purchaser at a judicial sale will not be compelled to accept a doubtful title.*

A deed conveyed " all that certain piece, parcel or lot of ground situate, lying and being at Bloomingdale, in the ninth ward of the city of New York, being part and parcel of a tract of land, \* \* \* known and distinguished on a map or chart thereof (a copy whereof is unto these presents annexed) by lot No. 3. Beginning *on the east side of the Bloomingdale* road, at the south-westerly cor-ner of lot No. 2, sold to Caleb B. Bowering, and running thence along the southern boundary of the same south 57 deg. east 9 ch. 12 links to Low Ben-son's land, thence south 36 deg. 10 min. west along the same 4 ch. 82½ links to the north-east corner of lot No. 4, \* \* \* thence along the same north 57 deg. west 8 ch. 21 links *to the Bloomingdale road aforesaid, thence along the said road* 5 ch. to the place of beginning, containing four acres, be the same more or less."

The map of lot No. 3, annexed to the deed, gave the full distance called for by the side lines, from the easterly side of the road, without extending them to the center, and represented in like manner lots Nos. 2 and 4, bounding it on each side.

*Held,* that the title of the grantee to the portion of the road lying in front of the premises conveyed was not so free from doubt as that a purchaser at a judicial sale, at which a diagram was exhibited on which the lot was laid down as extending to the center of the road, should be compelled to accept the title.

HUN—VOL. XXVII.    1

Appeal from an order made at a Special Term, denying the motion of a purchaser of lands at a partition sale to be relieved from his purchase.

*Charles Hagedorn*, for the appellant.

*Wm. A. W. Stewart*, for the respondent.

Davis, P. J.:

It is now well settled that the court will relieve a purchaser of lands at a judicial sale if the title be a doubtful and unmarketable one. (*Jordan* v. *Poillon*, 77 N. Y., 518; *McCahill* v. *Hamilton*, 20 Hun, 388; *Schriver* v. *Schriver*, 1st Dept., May, 1881; *Argall* v. *Raynor*, 20 Hun, 267.) If the title be not perfect, and therefore unmarketable, the court will relieve the purchaser, although it be probable that he would never be disturbed in his possession. (*Mott* v. *Mott*, 68 N. Y., 246–258.)

In the present case the appellant is assignee of the purchaser of four lots of land sold under a judgment in partition. The lands were sold separately, and the sale was of the title in fee simple of each of them. They were sold as shown upon a diagram exhibited to the purchasers at the time of sale, and upon which the lands extended to the centre line of a road known as the Bloomingdale road, which road had previously been closed by the park commissioners under chapter 697 of the Laws of 1867. The purchaser and his assignee refused to complete the purchase and accept the title, on the ground that the referee's deed would not convey a good and marketable title in fee in said four lots, because as they claimed, the fee of so much of the land as formerly lay between the center line of the Bloomingdale road and the easterly side of that road was not in the ancestor of the parties to the action who obtain their title by devise under his will.

The sole question in the case is, therefore, whether the grant to David Lee the ancestor of the devisees, carried title in fee to the center of the Bloomingdale road; and that depends upon the question whether a certain deed, made in 1808 by Oliver Hicks and wife to William Post and others, conveyed the fee in the easterly half of Bloomingdale road in front of the premises therein mentioned and described. It is conceded by the parties, as a fact hav-

ing some bearing upon the question, that in the year 1837 the lands in question were country property. The lands conveyed by the deed of Hicks and wife to Post above mentioned are described in the deed as follows:

"All that certain piece parcel or lot of ground situate, lying and being at Bloomingdale, in the ninth ward of the city of New York, being part and parcel of a tract of land heretofore conveyed to the said Oliver H. Hicks by Leonard Bleeker and his wife, and known and distinguished on a map or chart thereof (a copy whereof is unto these presents annexed) by lot No. 3. Beginning on the east side of the Bloomingdale road at the south-westerly corner of lot No. 2, sold to Caleb. B. Bowering, and running thence along the southern boundary of the same south fifty-seven degrees east nine chains and twelve links to Low Benson's land; thence south thirty-six degrees ten minutes west along the same four chains eighty-two links and a-half link to the north-east corner of lot No. 4, sold to James Pierce and G. B. Vroome, thence along the same north fifty-seven degrees west eight chains twenty-one links to the Bloomingdale road aforesaid, thence along the said road five chains to the place of beginning, containing four acres, be the same more or less."

The map or chart of lot three, annexed to the deed, gives the full distance called for by the side lines respectively from the easterly side of the road without extending such lines to the centre; and so also of lots Nos. 2 and 4, which are the boundaries on the sides of lot No. 3. The contention on the part of the respondent is that the established presumption of law in relation to country lands, that the owner of lands abutting on a highway owns to the center line of the highway and that in conveying said land, he intends to convey his interest in the road, is applicable to this case, and that such presumption must prevail unless it be rebutted by a description showing a decided intention on the grantor's part to exclude the road from the conveyance. It is not necessary to cite or consider the cases which establish that such is the presumption, for no conveyance is controlled by that presumption, if the description of the land given in the deed excludes its application.

On the part of the appellant it is contended that in this case the description has that effect. It is a well settled rule that where land

is described as beginning "at a road," or "on a road," or as
"bounded by a road," or in other similar form of expression with-
out qualifying words, the boundary or point of beginning is the
center of the road, and not the side thereof; and so, where land is
conveyed and described by a lot number as indicated on a map, and
the land fronts on a road or highway, the boundary will be the
center and not the side of the road. The first point of inquiry in
such construction is usually to ascertain the place of beginning as
the same is designated in the deed, and if the place of beginning,
where ascertained, is a monument or in the nature of a monument,
that is a controlling circumstance to determine the true location.
In _White's Bank_ v. _Nichols_ (64 N. Y., 65) the rule is thus laid
down: "Although the highway is in one sense a monument, it is
regarded as a line, and the center of the highway in such case is
regarded as the true boundary indicated, as is the case when a tree,
stone, or other similar object is designated as a monument; the
center, in the absence of any other indication, is regarded as giving
the true boundary or limit of the grant.   *   *   *   But when the
words clearly indicate an intention to exclude from the operation of
the grant, the soil of the highway, it is equally well settled that it
does not pass, and the grantor retains the title, subject only to any
easement which may exist in the public or in the grantee of the
adjacent lands." In that case the grant described the premises as
commencing at the intersection of the exterior of two streets; and
the court held that the point thus established was as controlling as
any monument would have been, and must control the other parts
of the description; and that all the lines of the granted premises
must conform to the starting point thus designated, and that
although, but for that designation of the starting point of the
survey, the lines along the two streets would have been carried to
the center of those streets respectively, yet they were necessarily
confined by the description to the exterior lines of the streets, so as
to connect at the starting point. And _English_ v. _Brennan_ (60
N. Y., 609) is also cited as having decided that point.

In the description of the deed now under consideration the point
of beginning is given as "_the east side of Bloomingdale road._"
The effect is to make the east side of that road a fixed monument
to mark the starting point of survey, and it is impossible without

doing violence to the language used to transfer that monument to the center of the Bloomingdale road.

In *English* v. *Brennan*, above referred to, the description in the defendant's deed began as follows: "Beginning at the south-westerly corner of Flushing and Clermont avenues, running thence westerly along Flushing avenue twenty-five feet; thence southerly, at right angles to Flushing avenue, seventy-nine feet nine inches to a point distant forty feet seven inches and a-half westerly from the westerly side of Clermont avenue." It was held that by this description the grantor excluded the street from the convey-ance ; and this decision must have gone upon the ground that *the westerly side of Clement avenue*, as mentioned in the description, was a fixed monument which controlled the other language of the description.

In *Jackson* v. *Hathaway* (15 Johns., 447) the boundary began at a stake by the side of the road, and ran thence by specified courses and distances which gave the quantity called for, and it was held that the language rebutted the presumption that the fee of the land in the road was intended to be conveyed.

In *Sherman* v. *McKeon* (38 N. Y., 266), Miller, J., in deliver-ing the opinion of the court, says, at page 272 : " It is also equally clear that the deed to Robertson did not include the lot in question as the description bounds the premises by the 'late line of Grove street, evidently meaning the old line as it existed before the new one was established by the proceedings had by the corporation, which at that time had been quite recently confirmed. * * * It is said that the expression employed will be presumed to refer to the late center line in connection with the words after the description, ' along and on Grove street.' I think that it will not bear this interpretation. The description evidently makes a distinction between the old line and the new one; and in stating a line for a boundary it cannot well be said that the statement of itself makes the center the line."

In *Babcock* v. *Utter* (1 Abb. Ct. of App. Dec., 27), the description reads as follows: " Beginning at a stake and stones on the west bank of the Unadilla river," and thence ran around the plat until another line came by the description to the river, "and thence down the west bank of the Unadilla river as it winds and turns, to the place of beginning."

**6**                  *LEE v. LEE.*

The court say : " The words ' to the Unadilla river,' according to the usual interpretation of such an expression in conveyances, would carry the line to the center of the river, as the general rule is that where a line touches the river it goes to the center. * * * The starting point is unequivocally from ' the bank,' and not from the center of the river ; and if the last line in the description is confined to the center of the river, it cannot run ' to the place of beginning ' as the description requires ; and if it starts from the center of the river and runs ' to the place of beginning,' it would neither follow the center of the river nor the ' west bank as it winds and turns,' according to the description in the deed." And it was held that the description conveyed the farm to the west bank of the river only, leaving the title to the river and the land covered by it in the grantors.

In *Smith* v. *Slocomb* (75 Mass. [9 Gray], 36–38), it was held that the conclusion is inevitable that the road is excluded when the boundary starts at the side of the road, and comes back to the road, and thence on the line of the road to the place of beginning.

In *Sibley* v. *Holden* (27 Mass. [10 Pick.], 249), the court say: " From this description, we are all of the opinion, that the line must begin on the side of the road, and at that point exclude the road ; then the question is whether, when the description returns *to the* road again, it shall be taken to mean the side or the center, of the road. If construed to be the center, then the remaining line would neither be by the side of the road nor the center, but by a diagonal line from a point in the center to a point in the side. This would not only be obscure and inconsistent with any supposed intent of the parties, but repugnant to the last clause in the description, which is ' by said road to the place of beginning.' "

A contrary rule was held by OAKLEY, J., in *Herring* v. *Fisher* (1 Sandf., 344), but the question was not involved in that case, for the words of description were " beginning at the road." The learned judge thought those words were equivalent to " beginning at the side of the road ; " and, upon that assumption, he argued that the words " running along the road," in the return lines, were controlling, and must be held to carry the line along the center of the road.

The case of *Bissell* v. *The New York Central Railroad Com-*

*pany* (23 N. Y., 67), does not seem to have any bearing upon the question, except in so far as it holds that the rule of construction applicable to deeds of land in the city is not different from that applied to deeds of land in the country; so that where the land is bounded on a street in the city, the land is presumed to be conveyed to the center of the street.

The result of the examination of our authorities is that, under the established rule of construction, by the deed from Hicks to Post, upon which the title of the land in question depends, the east side of the Bloomingdale road is made the monument of the beginning. That fact is strengthened by the fact that the distance by chains and links to Low Benson's land, which is another monument, is fully complemented by the actual measurement, as is also the case by the distance in chains and links of the returning line to the Bloomingdale road; and it follows that the words "thence along said road to the place of beginning" are controlled by the starting monument to mean along the east side of said road. The result is that the title to the lands sold to the assignor of the appellant under the diagram exhibited at the sale was, so far as relates to the land within the boundaries of the old Bloomingdale road, not so free from doubt as that the deed of the referee would give a marketable title.

The motion of the appellant should, therefore, have prevailed in the court below; and the order denying the same must be reversed, and an order entered relieving him from the purchase, and directing a restitution of the moneys paid in advance, with interest, and with ten dollars costs and disbursements of this appeal, and the reasonable expenses of counsel in searching the title, to be determined on settling the order herein.

Brady and Daniels, JJ., concurred.

Order reversed; order to be entered as directed in opinion.