CHARLOTTE L. SCHEU, APPELLANT, *v.* FREDERICA LEHNING AND OTHERS, APPELLANTS.

JOHN BIEHN, PURCHASER, RESPONDENT.

*Partition — no sale can be ordered in an action brought by one tenant in common of a vested remainder — Code of Civil Procedure, sec. 1533 — effect of the consent of the owner of the prior estate — a purchaser will not be compelled to accept a doubtful title.*

Although the court has, under section 1533 of the Code of Civil Procedure, jurisdiction over an action brought by one of several tenants in common of a vested remainder or reversion for a partition thereof, yet so soon as it appears that an actual partition thereof cannot be made without great prejudice to the owners, the court has no power except to direct that the complaint be dismissed. · It cannot direct that the property be sold.

*Quære,* as to whether a sale could be ordered if the owner of the prior estate should consent thereto, and agree to accept a gross sum in lieu of her interest.

Such a consent is of no avail where there are infants parties to the action if the value of the particular estate cannot be accurately determined, as where the testator devised a life estate to his widow, but provided that it should determine upon her death or remarriage, reserving to her, in the latter case, her dower right.

APPEAL from an order of the Special Term denying a motion to compel a purchaser to take title under a sale in partition.

*Henry Kropf* and *G. Hoffman,* for the plaintiff, appellant.

*J. Van Vechten Olcolt,* for Lehning and others, defendants, appellants.

*Wyatt & Trumble,* for the purchaser, respondent.

DAVIS, P. J.:

Peter J. Lehning died, in 1867, seized of the premises sought to be partitioned by this action, leaving him surviving Frederica Lehn-

..ing his widow the plaintiff, his daughter by a former wife, and Julia Van Cott, William George Lehning and Caroline Louise Frederica Lehning, his children by the defendant Frederica Lehning, all of whom are still surviving and of full age, except Caroline Louise Frederica Lehning who is an infant.

By his last will and testament he gave, devised and bequeathed to his widow the rents, issues and profits of his estate, as well real as personal, during her natural life, provided she should remain his widow. By the third clause of the will he gave, devised and bequeathed to his children, upon the death or remarriage of his widow, whichever should first occur, all the rest, residue and remainder of his estate, as well real as personal, to be divided among them equally, share and share alike, reserving, however, to his widow, in case of her marriage, her dower in his estate. By other provisions he appointed his widow guardian of the person and estate of his children during minority, and nominated her sole executrix of his will. This will was duly admitted to probate.

This action is brought by Charlotte L. Scheu, one of the devisees of the estate in remainder, for the purpose, amongst other things, of having a partition and division of the premises described in the complaint, according to the respective rights and interests of the parties, or, if such partition can not be made, that the same be sold under the direction of the court, and the proceeds divided among the parties according to their respective rights and interests. The defendants appear in the action, the infant defendant by her guardian, the other defendants by attorney. On a reference to ascertain whether actual partition could be made, the referee reported for good reasons that the property was not capable of equal partition and that the only mode of partition was by a sale. The widow filed in due form a consent that the property be sold, and an agreement to accept in lieu of her life or other interest in the premises and in satisfaction thereof a sum in gross out of the proceeds of the sale, according to her rights, to be ascertained by the report of the referee therein, " such sum to be computed according to the principles applicable to life annuities pursuant to the Portsmouth or Northampton tables, and the seventy-first rule of this court."

Upon the coming in of the referee's report the infant defendant by her guardian filed exceptions to the report substantially insisting

that upon the facts no sale of the premises could lawfully be made. The court overruled the exceptions and gave judgment directing a sale and division of the proceeds. The premises were thereupon sold by the referee appointed for that purpose, and at the sale were struck off to the respondent John Biehn, who paid ten per cent of the purchase-money and executed the ordinary memorandum of sale. At the time fixed for the delivery of the deed he appeared by his counsel and refused to proceed on the ground, in substance, that a good title could not be made under the judgment and sale. A motion was then made at Special Term to compel the purchaser to take title, which motion was denied and the plaintiff and the widow appealed from the order of denial.

It is now well settled that a purchaser at a judicial sale will not be compelled by the court to take title unless the same be free from reasonable doubt. (*Shriver* v. *Shriver*, 86 N. Y., 580; *Jordan* v. *Poillon*, 77 id., 518.)

This action, so far as relates to the partition of the property, is brought under section 1533 of the Code, which is in these words: "Where two or more persons hold as joint tenants, or as tenants in common, a vested remainder or reversion, any one or more of them may maintain an action for a partition of the real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein. But in such an action the property cannot be sold; and if it appears in any stage thereof that partition cannot be made without great prejudice to the owners the complaint must be dismissed. Such a dismissal does not affect the right of any party to bring a new action after the determination of the particular estate."

This section is distinctly applicable to and controlling of the question before us. Under it the court had jurisdiction to entertain an action for the purpose, if that were practicable, of making an actual partition. But when it appeared, as it clearly does in this case, that such partition cannot be made without great prejudice to the owners, it had no jurisdiction, except to pronounce the judgment dismissing the complaint, so far as it related to that relief. Whatever may have been the law prior to the enactment of this provision relative to the right to maintain actions of partition in such cases, the Code, by the section cited, has taken possession of the

whole subject matter, and subjected it to the conditions prescribed by the section itself, so that we think an action of partition cannot be maintained except only where actual partition of the property itself can properly be made.

It is supposed, however, that the consent of the widow that the property be sold, and the value of her particular estate be ascertained and paid to her, enabled the court to proceed and pronounce the judgment of sale. In the first place it may be suggested that that course of proceeding was not applicable to the case, because her estate was one the value of which could not with certainty be ascertained under any rule or practice of the court. The estate given to her was for life if she remained the widow of the testator. Upon remarriage the estate under the devise was wholly to terminate and she be remanded to her dower interest alone. The value of such an estate cannot be determined by the tables mentioned in the stipulation. If it be treated as an absolute life estate gross injustice may be done by paying over to her the value of such an estate divested of the condition which the testator imposed. The condition was a legal one and the courts are bound to regard, however much they may disapprove, it. Of course, if the rights of an infant did not intervene, and the parties were all of lawful age, they might make such a mutual agreement for the disposition of the property and the division of the proceeds as should suit their interests, but that would not require the intervention of an action of partition nor the judgment of any court. When, however, a suit is brought for partition in a case of this character, especially where the rights of an infant can be affected, the court is bound to see to it that its judgment does not exceed the powers conferred by the statute.

In this case the purchaser could not under the circumstances receive a title by the referee's deed free from reasonable question or doubt. He was not bound, therefore, to proceed and complete the purchase.

The order of the court below must be affirmed, with ten dollars costs besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.