# THE PEOPLE OF THE STATE OF NEW YORK *v.* THE GLOBE MUTUAL LIFE INSURANCE COMPANY.

## (JAMES D. FISK, Receiver, Appellant, *v.* JONATHAN M. DAKE, Purchaser, Respondent.)

*Purchaser at a judicial sale will not be compelled to accept a doubtful title — a purchase, by a special guardian, of the ward's land is presumptively fraudulent.*

One Martin was authorized by the court to convey, as special guardian of his infant children, certain real estate inherited by them from their mother for not less than $8,000, the proceeds to be invested in government bonds or bonds and mortgages. The record shows that he conveyed the premises as special guardian for the nominal consideration of $8,000 to one Mather, who by a deed bearing the same date, for the consideration of $100, reconveyed the premises to Martin, who thereafter conveyed the same to one Hoover. Hoover subsequently executed a mortgage thereon to an insurance company under the foreclosure of which the premises were sold to the insurance company. The children of Martin were not made parties to the action brought to foreclose this mortgage.

*Held,* that a purchaser at auction from the receiver of the insurance company was justified in refusing to complete his purchase.

That the transaction was fraudulent on its face, and that the purchaser could not be compelled to assume the burden of proving by extrinsic evidence such facts as would prevent a recovery by the Martin heirs in any action that might be brought by them.

Appeal from an order made at a Special Term granting the petition of Jonathan M. Dake, to be relieved from his bid and purchase of real estate.

*Wingate & Cullen,* for James D. Fish, receiver, appellant.

*James Wood,* for Jonathan M. Dake, purchaser, respondent.

Davis, P. J.:

On a sale of the real estate described in the petition made by the receiver pursuant to an order of the court, the respondent bid off the same at the price of $6,000 and paid the sum of ten per cent, and subscribed the terms and conditions of sale as prepared by the receiver. He afterwards filed his petition to be relieved from his

bid, and to have the ten per cent refunded and his costs and expenses of searching the title paid, on the ground that the receiver could not convey to him a good and indefeasible title free from reasonable doubt; and on several other grounds also stated in the petition. The court, at Special Term, granted the prayer of the petition and directed the receiver to refund the per centage paid, with interest, and to pay $100 for the reasonable expenses of searching the title, with costs of the proceeding.

We are of the opinion that the decision of the court at Special Term was correct, for the reasons stated in the opinion of Mr. Justice LANDON.

It is now well settled that upon a judicial sale the court will relieve a purchaser if the title be a doubtful and unmarketable one. (*Jordan* v. *Poillon*, 77 N. Y., 518; *McCahill* v. *Hamilton*, 20 Hun, 388; *Argall* v. *Raynor*, 20 Hun, 267; *Mott* v. *Mott*, 68 N. Y., 246; *Lee* v. *Lee*, 27 Hun, 1.)

In *Argall* v. *Raynor* (20 Hun, 267) this court held that it is only necessary in disposing of such a case to ascertain whether or not there is some practical and serious question affecting the title, upon which persons not parties to the suit, and who cannot be estopped by the judgment, have a right to be heard in some possible future litigation.

In the case before us, the title of the insurance company in and to the premises which the receiver offered for sale was acquired by purchase under the decree of foreclosure, in a suit to foreclose a mortgage executed to the company by one Hoover, who was a purchaser from Henry Martin. Martin acquired title by a conveyance from one Mather for the nominal consideration of $100, to whom by deed executed simultaneously, as appears upon the face of the papers, Martin conveyed the premises as special guardian of several infant children of his own, who were owners in fee as heirs at law of their mother, Martin's deceased wife. Neither of these infants was made a party to the foreclosure suit, and neither of them is estopped by the decree in that suit from averring in an action to be hereafter brought by him or her, that the sales from Martin to Mather and by Mather to Martin were invalid and fraudulent against him or her for reasons apparent on the face of the instrument, and for fraud on the part of the

special guardian in making the sale and conveyance of their property to himself. It may be true that by reason of some fact *dehors* the record, and which does not appear in the proceedings now before us, the heirs of Mrs. Martin would be defeated in a suit to recover the premises from the petitioner if he took title from the receiver; but the petitioner is not bound to take the chances of that contingency. He is entitled to a marketable title and is not bound to take one apparently open to successful attack. In our judgment the record of the title shows upon its face sufficient to make the title proposed to be conveyed by the receiver a doubtful one, and open to litigation which will be successful unless other facts be shown to defeat the claims of the children and heirs of Mrs. Martin. The special guardian was authorized by the court to sell the property for a sum not less than $8,000, to be invested in government bonds or mortgages of real estate in this State. The record shows that he conveyed the premises by his deed to Mather, nominally for the sum of $8,000, but that Mather, at the same time and by a deed bearing the same date, for the consideration of $100, conveyed the premises directly to the special guardian, who afterwards conveyed them to Hoover, the mortgagor of the insurance company. On its face this transaction was a fraudulent one, and unexplained, it establishes that the proceeding to sell the interest of the infant heirs in the premises was a scheme of the special guardian to get title in himself without payment of anything; and doubtless, when read in the light of the other transactions, to enable a fraud to be perpetrated on the insurance company by securing a loan upon the premises much larger than the real value of the property. For in two days after the special guardian took title from Mather for the consideration of $100, he conveyed the premises to Hoover for the consideration, as mentioned in the deed of $50,000; and then followed several conveyances to other persons for the same consideration of $50,000, resulting in finally vesting the title in the wife of Hoover who joins with him in mortgaging the property to the company to secure a loan of $21,000, and in making a second mortgage of the same date to one Zulich for $6,000. In the proceedings of the special guardian to sell, the estate was shown to be worth but $8,000, and at that sum the special guardian was authorized to make the sale.

There is nothing, therefore, on the record that tends to relieve the inter-mutual conveyances between Henry Martin, the special guardian, and Mather, his grantee and grantor, from the presumption that arises upon the face of their conveyances to each other, as they stand upon the record. The petitioner had, therefore, the right to refuse to take a title stained with a legal and just presumption of fraud, sufficiently unexplained to invalidate those conveyances, and thereby assume the responsibility of being able himself to show that, notwithstanding appearances, the special guardian acted in good faith and really sold the land for $8,000, and received the same from Mather, although the latter immediately reconveyed the premises to him for $100.

The petitioner was properly advised to reject the title under such circumstances, and nothing is shown in answer by the receiver to change the aspect of the facts as they appear upon the records.

We are of opinion, without considering any other objections, that the court correctly adjudged to the petitioner the relief he prayed for.

The order should be affirmed, with ten dollars costs besides disbursements.

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order affirmed, with ten dollars costs and disbursements.