IN THE MATTER OF THE SALE OF REAL ESTATE OF ELIZABETH MAHONEY, DECEASED.

DENNIS CORBETT, ADMINISTRATOR, RESPONDENT, *v.* WILLIAM FERNSCHILD, PURCHASER AT SALE, APPELLANT.

*Sale of real estate to pay the debts of a decedent — the provisions of the statute must be strictly complied with — what errors may not be disregarded or cured under section 2784 of the Code of Civil Procedure.*

After real estate of a decedent had been sold for the payment of his debts under a decree of the Surrogate's Court, it appeared that a guardian *ad litem* for two infant heirs-at-law had not been properly appointed, and that the general notice to creditors, required to be given by publication by section 2754 of the Code of Civil Procedure, had not been given. An order was thereupon made requiring the infants to appear and show cause, at a day named, why a decree of sale should not be made, and why all the proceedings theretofore had should not be approved and confirmed, and why special guardians should not be appointed for them; and by the same order a supplemental citation was directed to be served upon the general creditors by publication. Upon the return day an order was made appointing a special guardian and declaring that the order should be entered and filed as of the return day of the original citation.

*Held,* that the orders so made did not cure the defects in the prior proceedings, and that a purchaser at the sale should not be compelled to accept the title.

APPEAL from an order of the surrogate directing a purchaser to take property sold, under title 5 of chapter 18 of the Code of Civil Procedure.

*W. Z. Larned,* for the appellant.

*J. C. Quinn,* for the respondent.

BRADY, J.:

The administrator of Elizabeth Mahoney applied for a decree directing the sale of certain real estate to pay debts and charges which the personal estate was not sufficient to meet, and was successful. The property was sold under the decree, but the purchaser declined to take, upon the advice of counsel, for various objections. Some of them were declared by the learned surrogate to have been

well taken, and a supplementary decree was made by which it·was supposed the defects were cured and the sale made effectual. The sale was made on the 27th December, 1883, the supplemental decree on the 29th of April, 1884. It appeared that John Mahoney, Jr., and Hannah Sweeny, both infants, were entitled to notice as heirs-at-law of the intestate, and it was contended that, although a guardian had been appointed for them, he had not been appointed in accordance with the provisions of sections 2531 and 2536, and further, that the original citation addressed to specific creditors and all other creditors, as required by section 2754 of the Code, was not served upon the class included in "all other creditors," by publication, and that such publication was requisite. The result was a citation, dated the 30th April, 1884, long after the sale was made, requiring the infants named, and others, to appear before the surrogate on the 20th June, 1884, to·show cause why a decree should not be made authorizing the administrator to sell the real property of the deceased, and why all proceedings theretofore had for that purpose should not be in all respects approved, ratified and confirmed, and why special guardians should not be appointed for any and all such parties cited as were infants and had no general guardian or failed to have a guardian appointed before the return day mentioned. And the supplemental decree, bearing date the 29th April, 1884, directed the service of the supplemental citation for creditors generally, forming a class, by publication for six weeks. On the 20th June, 1884, an order was made appointing a special guardian for John Mahoney, Jr., and Hannah Sweeny, such appointment to take effect as of the 14th June, 1883, the return day of the original citation, and declaring that the order thus made be entered and filed as of June 14, 1883. These proceedings having been taken with others affecting other defects, an order was made requiring the purchaser at the sale to show cause why he should not complete his purchase and he was required to do so against his objection and protest. It seems to be enough to state the conceded defects and the modes adopted to overcome them, to show that the order appealed from should be set aside. The surrogate derives the power to sell real estate for the payment of debts from the statute, and its provisions must be observed. (Code, § 2749 *et passim*.) The parties interested are entitled to notice of the proceedings

before the sale, and for the obvious reason that they may have the opportunity to protect their interests by securing a proper price for the property, either by purchase themselves or by others overbidding them until a fair consideration is offered. And the heirs may contest the necessity of applying the property to the payment of debts, or the validity of a debt represented as existing against the decedent, or the reasonableness of the funeral expenses; and may interpose any defense to the whole or part thereof. (Sec. 2755.)

The class of creditors to be notified by publication had no opportunity to appear at the sale, and the infants Maloney, Jr., and Hannah Sweeny were not properly and fully before the court not only when the sale took place but when the decree of sale was made. The significance of this fact must be appreciated, when by section 2759 it is declared that a decree disposing of real property can be made only after certain facts shall have been established to the satisfaction of the surrogate, the first of which is that the proceedings have been in conformity to the title. (Title 5, chap. 18.) It is conceded that they were not. The surrogate has power, doubtless, under section 2784 of the Code, to disregard errors or defects that go to the form and not to the substance, but he has not the authority to dispense with any absolute prerequisite. The section does not declare that any such error may 'be disregarded. The first subdivision relates to an omission, defect or irregularity occurring between the return of the citation and the making of the decree, but this only applies to cases where the petition is presented and "the proper persons duly cited," which, as we have seen, is not this case; and the second subdivision, to omissions after the order directing the execution of the decree, of any act necessary to authorize the surrogate to make an order of confirmation. It is very clear that the purchaser, with such a record as here presented, would not get an indisputable title, and he should not be left, on receiving a deed, to the uncertainty of a doubtful title or the hazard of a contest which might affect the value of the property if he desired to sell it. (*Jordon* v. *Poillon*, 77 N. Y., 518.) The title should in all cases be beyond reasonable doubt and free from dangerous uncertainties, particularly when, as said, the courts have applied with great strictness the familiar rule that to divest a person of his property by a special statutory proceeding, every direction

of the statute must be strictly complied with. (Redfield on Surrogate's Courts, 604.)

For these reasons the order appealed from should be reversed, but with ten dollars costs and disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements.