## JAMES H. ELY

*v.*

## GEORGE T. HANFORD.

65  267
183  517

1. AGENCY—*agent—when liable to principal—money fraudulently obtained.* Where an agent purchases land for his principal, the purchase being that of the latter, he is entitled to the full benefit of the contract; and if the agent, by representing that he paid a larger sum for the property than he actually did, obtains from the principal more than the actual price, the latter may recover of the agent the difference between the sum received by him and that actually paid.

2. SAME—*fraudulent sale by.* Where an agent sells to his principal his own property as the property of another, without disclosing the fact of his interest, this will be such a fraud, in law, as will give the principal the right to avoid the sale *in toto.*

3. But where A and B had contracted for the purchase of a lot at $2500, and A, in a few days after, undertook to purchase the same lot as the agent of C, without disclosing his interest, or the fact that he and B had purchased it, but representing that it was wholly owned by another, and it could by obtained for $4050, which sum C paid him, and he caused the original vendor to convey the title to C: *Held,* that C, upon discovering the facts, had the right to avoid the contract, by tendering a re-conveyance, and recover back the consideration paid by him, but that he could not retain the title and recover from A the difference between what he paid and the price paid by A and B.

4. But if A was the agent of C to purchase the lot before or at the time he purchased the same in the name of A and B, and paid only $2500 therefor, and, by representing that the lot cost $4050, obtained the latter sum from his principal, then he would have been liable, in assumpsit, to the principal, for the difference.

5. ESTOPPEL *in pais—to deny agency.* Where A had contracted for the purchase of a lot, taking the contract to himself and B, and when employed by C to purchase the same for him, concealed this fact, and represented that the property was owned by another, and that it could be purchased at a sum considerably in excess of what it had been bought for, it was contended that A was thereby estopped from denying his agency in making his original purchase: *Held,* that, as C was not deceived as to the quality or value of the lot, the doctrine of estoppel could not be applied.

6. AGENCY—*misrepresentation—measure of recovery.* Where the defendant, when employed as the agent of the plaintiff to purchase a lot for the

latter, represented that the lot belonged to the former owner, and could be had for $4050, and thereby obtained that sum from the plaintiff, while, in fact, defendant and A held a contract of purchase for the same at $2500, so that A had the right to retain one-half of the difference, the court instructed the jury that if the defendant represented that the lot belonged to another, when half of it belonged to himself, he was liable to pay the plaintiff the whole of such difference: *Held*, that the instruction was clearly erroneous.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

Mr. SIDNEY SMITH, for the appellant.

Mr. CONSIDER H. WILLETT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 13th day of July, 1870, Ely, the appellant, entered into a written contract with Christopher Metz for the purchase from the latter of a lot in the town of Hyde Park, for $2500, in the name of George W. Waite, but for the joint benefit of Ely and Waite, Ely making the first payment to Metz, of $612, on the same day.

Afterwards, on the 30th day of the same month, Metz executed a deed of the lot to Hanford, the appellee, in fulfilment of the contract of the former with Ely and Waite, Ely paying Metz the balance of the $2500 over an incumbrance on the lot, and, at the same time, informing Metz that he had sold the lot to Hanford, as a reason why he desired a deed executed to the latter. Hanford paid Ely for this lot (including this incumbrance which he assumed) the sum of $4050, and he brought this suit in the court below to recover back the difference between what he paid Ely for the lot and what Ely paid Metz for the same, on the alleged ground that Ely acted as his agent in making the purchase from Metz; and he recovered a verdict and judgment for $1691.44, being such difference, with interest added.

The form of the action was assumpsit, on the common counts. Ely appeals.

On the trial, the following instruction was given for the plaintiff:

"The court instructs the jury, as matter of law, that if they believe, from the evidence, that George Waite held a contract for the purchase of the property mentioned in the deed admitted in evidence, and that the defendant obtained said contract from the owner, Metz, and paid him the purchase money, and had the contract made in the name of Waite, and that said Waite and the defendant were both interested in said contract, and that, under such circumstances, Ely saw Hanford, and represented to Hanford that the property was owned by another, and that he, defendant, would act for Hanford in the purchase of it for him of the owner; and if the jury further believe, from the evidence, that Ely paid such owner $2500, and represented to Hanford that he paid $4050, then the jury may take the defendant at his word, exactly in accordance with his representations to Hanford, that he was acting for him, and did purchase the property for the plaintiff of the owner; and if the jury so believe, from the evidence, then they will find for the plaintiff, and assess as damages the difference between the sum so actually paid and the sum so represented to have been paid in making such purchase, and interest on such difference, from the time of payment, at six per cent per annum."

And the following instruction, asked for the defendant, was refused:

"The plaintiff in this cause seeks to recover from the defendant the difference between what he paid to defendant, for the land in question, and what the defendant paid Metz for the same land, but the court instructs the jury that the plaintiff is only entitled to recover this difference upon the proof, to the satisfaction of the jury, that the defendant was the agent of the plaintiff at the time he contracted for the

land with Metz; therefore, if the jury believe, from the testimony in this cause, that the defendant contracted with Metz for this land, on the 13th day of July, 1870, by contract, in the name of Waite, for the joint benefit of himself and Waite, and that defendant had no transaction with the plaintiff relating to this until two days afterwards, and on the 15th day of the same month, then the jury should find for the defendant."

This action, as we conceive, is sustainable only upon the ground that the relation of principal and agent existed between Hanford and Ely at the time the latter contracted with Metz for the lot, on the 13th of July. If, before and at that time, Ely had undertaken to act as the agent of Hanford, to make the purchase for the latter, he would be liable in this action to refund to Hanford the difference between what Hanford paid him and what he paid Metz for the lot; for, being Hanford's agent, this purchase from Metz would be Hanford's purchase, and Hanford would, therefore, be entitled to the full benefit of the contract.

But if Ely, being part owner of this lot, by his contract with Metz, of July 13, 1870, assumed, on the 15th day of the same month, to act as Hanford's agent in the purchase of the lot for him, and did not disclose to Hanford the fact of his interest in the lot, but represented to him that the property was wholly owned by another, then Ely would have been the secret vendor of his own property, which would have been a fraud, in law; but the only effect would have been that the transaction would be voidable, at the election of Hanford; the principle being that "if an agent sells to his principal his own property as the property of another, without disclosing the fact, the bargain, at the election of the principal, will be held void." 1 Story Eq. Jur. sec. 316.

Hanford did not, upon discovering the fact that Ely was interested as part owner of the lot at the time he undertook to act as Hanford's agent for its purchase, tender a re-conveyance

and demand back the purchase money, but, instead, he elects to hold on to the land, and, at the same time, recover back that portion of the purchase money which is in excess of what the land cost Ely and Waite.

In giving the one and refusing the other of the above instructions, the court must have regarded that it was not necessary, in order to entitle the plaintiff to recover the difference between what he paid the defendant for the lot and what defendant paid Metz for the same, that defendant should have been the agent of the plaintiff at the time he contracted for the lot with Metz, but that it was enough that defendant represented that the property was owned by another.

And appellee's counsel insists that, no matter what the fact was, if Ely, at the time of his employment as agent by Hanford to purchase the lot, was, together with Waite, the owner of the lot by previous purchase from Metz, yet, if he represented to Hanford that the property was owned by another, he is to be held, and taken to have been, the agent of Hanford at the time of the previous purchase from Metz, and that he is estopped to show the contrary.

We do not perceive how the doctrine of estoppel applies in this case. There is no claim that Hanford was deceived as to the quality or value of this lot, or that he paid more than it was worth. The only representation as to the price was that it could be purchased for $4500, with, perhaps, ten per cent off, as was done. We do not perceive wherein Hanford altered his situation, or could have been injuriously affected in consequence of Ely's representation being true or false, further than this, had Hanford known at the time that Ely was part owner of the lot, he might have exercised more caution in making the purchase, or have declined it altogether, but no more can be claimed, on this score, than the right to rescind the contract altogether, and recover back the whole purchase money. We can see no foundation for the asserted claim to enjoy the benefit of the contract by holding the lot, and to recover back from Ely the difference between what Hanford

paid him for the lot and the original cost of the lot to Ely and Waite, in their purchase of it from Metz, provided the purchase from Metz was before the relation of principal and agent between Hanford and Ely arose.

Under the view here taken, there was error in giving the plaintiff's instruction and in refusing that of the defendant.

A further objection to the plaintiff's instruction is, that Waite appears to have owned a half interest in this lot, under the Metz contract, whereby he became entitled to half of the difference between $4050, what Hanford paid, and $2500, what Metz received for the lot; yet the purport of the instruction was, that if Ely represented that all of this lot belonged to another, when half of it belonged to himself, he thereby became liable to pay to Hanford not half, but the whole of the difference between what Metz received and Hanford paid for the lot—that is, he became liable to pay to Hanford not only the half of this advance, which would otherwise go to himself, but the other half, which Waite had the right to retain. We think this clearly erroneous.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*