DAVID MILLER *v.* BENJAMIN WRIGHT et al., Respondents, WILLIAM L. PECK, Appellant.

In an action of partition it appeared that the plaintiff derived title to an undivided portion of the land under a deed from his father, with full covenants, but which contained trusts empowering and directing the grantee to absolutely sell, lease or mortgage so much of the premises described, or any part thereof, as may be necessary to defray all expenses arising out of said estate, and for the support and maintenance of the grantor. The grantee was required to apply the proceeds of the sale, lease or mortgage to the payment of all expenses incurred and to invest the balance and pay all of the income to the grantor during his life, and after his death to pay over and duly transfer both principal and interest and the whole of the residue of the property conveyed to the children of the grantor, share and share alike. The grantor was made a party to the partition suit, but died before judgment was entered, leaving several children besides the plaintiff who were not made parties defendant. The action proceeded to judgment and a sale, at which P. became the purchaser. He refused to complete his purchase, claiming that the children of the grantor had an interest in fee in the grantor's share of the premises, and upon his death they should have been made parties defendant. A motion to compel the purchaser to take the title was granted. *Held,* error; that upon the death of the grantor the trust terminated and the real estate vested as such in his children; that their title could not be divested by a sale in an action for partition to which they were not

parties; that upon the grantor's death plaintiff ceased to have any interest in the land under the deed, and the action should have thereafter proceeded in the name of some one interested.

Also, *held*, that the sale was not rendered valid by an instrument executed under seal by the children of the grantor, which admitted a claim against the estate and consented that it should be paid out of the proceeds of the sale, but which it did not appear had ever been acted upon or to have been based upon any consideration; and that the signers thereof were not estopped by it from denying the validity of the sale.

It appeared that P., the purchaser, was a party to the partition action, although he had no interest in the land sought to be sold, was neither a necessary nor a proper party, and no adjudication was made in regard to him. It was claimed that he was, therefore, bound by the judgment and estopped from disputing the validity of the sale. *Held*, untenable.

It appeared that the children of M., after the death of their father, recognized the continuance of the trust and the right of plaintiff to proceed in the action, and acquiesced in the judgment and sale. These were not matters of record, however, but rested in parole. *Held*, that as it was not certain that they were estopped from disputing the validity of the sale, it could not be said the title was so far freed from doubt that the purchaser should be compelled to take it.

P. knew at the time of his purchase that the children of M. were not parties, and in bidding made no objection on that account. *Held*, that, under the circumstances, if the children should be ready and willing to perfect the title and so remove the defect complained of , it would be reasonable and just to compel the purchaser to take title. Ordered, therefore, that the case be remitted to the Special Term to the end that the purchaser may be compelled, in the discretion of that court, to take title if made perfect.

(Submitted March 13, 1888; decided April 10, 1888.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 13, 1888, which affirmed an order of the Special Term, requiring the appellant to complete a purchase of certain premises sold under a decree in partition.

The nature of the action and the facts are sufficiently stated in the opinion.

*William Clarke Roe* for William L. Peck, appellant. The surviving children of Charles E. Miller, deceased, are

seized in fee of a vested remainder under an express trust.. (3 R. S. [7th ed.] 2281, § 54; Id. 2176, § 13; Id. 2183,. § 67; 4 Denio, 385; *Cranston* v. *Plumb,* 54 Barb. 516– 519; *Stricker* v. *Dickenson,* 9 id. 516–519; Jarman on Wills, 213; *Herman* v. *Robertson,* 64 N. Y. 333–339.): A trustee takes that quantity of interest only which the purposes of the trust requires and the instrument creating it permits. The legal estate is in the trustee so long as, the execution of the trust requires it, and no longer, and then it vests in the person beneficially entitled thereto.. (*Nichols* v. *Walworth,* 4 Denio, 385–388; *Norton* v. *Norton,*, 2 Sandf. 296; *Poor* v. *Considine,* 6 Wall. 458, 471; Perry on Trusts, §§ 319, 320; Jarman on Wills, 213, 214; *Welch* v.. *Allen,* 21 Wend. 147.) When the life tenant died the trust. ceased and no deed was necessary to convey the fee from the trustee to the children. (*In re Livingston,* 34 N. Y.. 555; 74 id. 379; 64 id. 348; Code, §§ 1538, 1557.) The children of Charles E. Miller had become interested in an undivided share of the property before judgment was: entered, so the judgment was not binding upon them. (*Prentice* v. *Janssen,* 79 N. Y. 478; *Jordan* v: *Poillion,* 70 id. 521; *Nellis* v. *Nellis,* 99 id. 516.)

*F. P. Bellamy* for plaintiff, respondent. The trust is. valid, as a trust to sell land for the benefit of creditors, or for legatees. (*Morse* v. *Morse,* 85 N. Y. 58; *Garvey* v. *McDevitt,* 72 id. 556; *Gallie* v. *Eagle,* 65 Barb. 583; *Belmont* v. *O'Brien,* 12 N. Y. 394; *Marvin* v. *Smith,* 46 id. 571.) Construing the whole instrument together, and in view of the fact that the subject of the conveyance was an undivided interest in land which could only be available by a sale, the power of sale must be deemed an imperative direction to sell. (*Fisher* v. *Banta,* 66 N. Y. 476, 477; *Hood* v. *Hood,* 85 id. 561; *Delafield* v. *Barlow,* 107 id. 535.) The doctrine of equitable conversion here applies and operated immediately on the execution of the instrument as a constructive sale, because it was the evident intention of the whole instrument.

that the property should be sold. (*Powers* v. *Cassidy*, 79 N. Y. 603; *Dodge* v. *Pond*, 23 id. 69; *Delafield* v. *Barlow*, 107 id. 535; *Bennett* v. *Garlock*, 79 id. 302; *Morse* v. *Morse*, 85 id. 53.) If the children of Charles E. Miller were necessary parties, they were estopped from objecting to the sale. (*Boerum* v. *Schenck*, 41 N. Y. 190; *Carpenter* v. *Stillwell*, 11 id. 61; *M. & T. Bank* v. *Hazzard*, 30 id. 226; *Andrews* v. *Ætna Ins. Co.*, 85 id. 334; *In re Cooper*, 93 id. 507.) The appellant on an appeal from an order compelling him to take the title, which by a judgment in the action to which he is a party has been adjudged valid, cannot review the judgment. (*Hunt* v. *Hunt*, 72 N. Y. 218; *Jenkins* v. *Fahey*, 73 id. 355; *Clemens* v. *Clemens*, 37 id. 74; *Jordan* v. *Van Epps*, 85 id. 427.)

*Taylor & Ferris* for Benjamin Wright, respondent. As *cestuis que trustent*, the children of Charles E. Miller were only entitled to enforce the sale of the property in accordance with the terms of the trust. (1 R. S. part 2, chap. 1.) Even if the terms of the deed were not ample to vest an absolute legal title in trustees, yet, if necessary for the complete execution of the trusts, his estate would be enlarged to prevent the grantor's intention being defeated. (Perry on Trusts, § 315; *Preston* v. *Field*, 10 Johns. 504; *Bennett* v. *Garlock*, 79 N. Y. 317; *Morse* v. *Morse*, 85 id. 53.) The trustee could bring partition suit. (*Gallie* v. *Eagle*, 65 Barb. 387.)

EARL, J. This was an action to partition land, and the plaintiff derived his title to an undivided interest therein under a deed executed to him by Charles E. Miller, on the 26th day of February, 1876. It was a deed with full covenants, but, nevertheless, upon the following trusts, viz.: "Upon the trust that the said party of the second part, his heirs and assigns, shall and do forthwith, or as soon as conveniently may be and in his own discretion, absolutely sell and dispose of so much of said premises, or any part, at public auction or otherwise, to the best purchaser and for the best price which can be reasonably obtained or shall or may be necessary to defray all

expenses of every nature in the protection, securing, altering, possessing or amending the said estate, or any part thereof, or in the fulfillment of any purpose or purposes in reference to the said estate, which the said party of the second part may deem proper, or the expense of any legal steps, advice or counsel in reference to the said estate, or any part thereof, which advice, legal steps, and the proper amount to be paid. therefor, shall be entirely within the discretion of the party of the second part, or shall be necessary for the support and maintenance of the said party of the first part, or to lease the same or any part thereof, or to mortgage the same or any part thereof, for such amounts and upon such terms and conditions. as to the party of the second part may seem best; and the receipt or receipts and signature of such party of the second part, his heirs or assigns, shall be a complete and full discharge. and release of the sums therein mentioned, and shall bind the. party of the first part, his heirs or assigns, as fully as if signed by the party of the first part.

" And upon the further trust that the party of the second part, his heirs and assigns, shall, after any such sale, lease or mortgage, forthwith apply the proceeds of such sale, lease or mortgage in the first place to the payment of all the costs, charges or legal or other expenses by him incurred, as herein-before set forth, including the usual commissions, charges, repairs and all extraordinary costs, etc., by him incurred in the execution of the trusts herein imposed ; and, second, and thereafter to invest the residue of the proceeds of such sale, lease or mortgage, upon interest, or some security to be approved by the party of the second part, and semi-annually to pay over the income thereof, after deducting all expenses thereof, unto the party of the first part during the term of his natural life, and after his death to pay over and duly transfer both principle and interest, and the whole residue of the prop-- erty hereby conveyed, to the surviving children of the party of the first part hereto, share and share alike."

At the commencement of the action Charles E. Miller, the grantor, was alive and was made a party defendant ; but he.

died before judgment, leaving several children, besides the plaintiff, who were not made parties defendant. The action proceeded to judgment and to a sale, and the appellant Peck became the purchaser upon the sale. He however objected to taking a conveyance and to completing his purchase on the following grounds :

"That the children of Charles E. Miller, deceased, have an interest in fee in his share of the said premises, and ought to have been made parties defendant in the said partition suit, at the death of the said Charles E. Miller.

"That as the said Charles E. Miller died before judgment was entered herein the trust ceased, and the fee then vested in the surviving children, the judgment so entered does not affect, in any manner, their rights and interests in the premises."

A motion was made at Special Term to compel the purchaser to take the title, which motion was granted, and the General Term affirmed the order of the Special Term.

We are of opinion that the purchaser should have been relieved from his purchase. It is not disputed that the trusts created by this deed were lawful, and that a legal title, commensurate with the trusts and for the purposes of the trusts, was vested in the trustee during the continuance thereof. The court below held that there was an imperative direction in the deed of trust to sell the land, and that, therefore, there was an equitable conversion of it into personalty, and hence that the children of Charles E. Miller could take no interest in the property conveyed as realty, and consequently were not necessary or proper parties to the action. We are constrained to differ with the learned General Term. There was no absolute or imperative direction to sell the whole of the real estate. There was not even discretion vested in the trustee absolutely to sell the whole of it. He was authorized to sell only so much of it as was necessary for the purposes of the trust. He was not even bound in the execution of the trust to sell any of it. He could lease or mortgage it for the purposes of the trust. The trustee was vested with a discretion as to how much of the realty, if any, he should

sell, and whether he should lease or mortgage rather than sell, and we know of no case where under a trust with such provisions it has been held that there was a conversion of the realty into personalty for any purpose. The trust was to last only during the life of the grantor, and it is provided that after his death the grantee was to pay over " and duly transfer both principal and interest, and the whole residue of the property hereby conveyed to the surviving children" of the grantor. It was evidently contemplated that there might be money on hand which had been realized by a sale, lease or mortgage of the property, and that so much of it as remained at the death of the grantor, principal and interest, was to be paid over to the children; and it must have been supposed that a portion of the property conveyed might then remain, as that was required to be transferred to the children also. This case is entirely unlike *Morse* v. *Morse* (85 N. Y. 53), and *Delafield* v. *Barlow* (107 N. Y. 535). Upon the death of Charles E. Miller, therefore, the trust terminated and the real estate vested as such in his children ; and as that death occurred before judgment, in order that they might be bound by the judgment, they should have been made parties to the action, and their title could not be divested by a sale made in partition to which they were not parties. Indeed, the plaintiff, upon the death of his grantor, ceased to have any interest in the land, and the action could not well thereafter proceed in his name, but should have proceeded in the name of some person interested in the land.

Some time after judgment in the partition suit, the children of Charles E. Miller united in the following instrument, entitled in this action : " We, the undersigned, being all the children and heirs-at-law of Charles E. Miller, late of Queens county, deceased (except the plaintiff herein and Ezra W. Miller and two children surviving Phebe J. Fallestein, deceased), hereby consent that the claim of said Ezra W. Miller be made a legal and subsisting charge upon and against the estate of our late father, the said Charles E. Miller, deceased, to be paid out of the share of said estate, coming

from the property described by the judgment herein to be sold, and we hereby, respectively, waive notice of any and all proceedings that may be instituted for the establishment of said claim, the same being just and equitable to the best of our knowledge, information and belief." This was executed by all of them under seal. It is claimed, on behalf of the plaintiff, that by this instrument they recognized the validity of the sale, and are, therefore, estopped from denying it. It does not appear that that instrument has ever been acted upon. It was not acknowledged or proved, except as to one of the subscribers. It does not appear to have been based upon any consideration, and was clearly revocable until acted upon. We do not see, therefore, how it can be held to render valid a sale which was otherwise invalid.

It is also claimed that Peck, the purchaser, was a party to this action, and was, therefore, bound by the judgment, and estopped from disputing the validity of the sale. But he had no interest whatever in the land sought to be sold, and was neither a necessary nor proper party to the action, and no adjudication was made in reference to him. We cannot, therefore, perceive how his position as a party to the action can bind him, as a purchaser at the sale, to take an imperfect title.

It also appears that the children of Charles E. Miller, after the death of their father, recognized the continuance of the trust and the right of the plaintiff to proceed in the action to judgment, and that they acquiesced in the judgment and the sale. But these are not matters of record and rest in parole; and it is, by no means, certain that they are in any way estopped from disputing the validity of the sale; and it cannot, therefore, be said that the title is so free from doubt that the purchaser ought to be compelled to take it.

But Peck, at the time of his purchase, knew that the children of Charles E. Miller were not parties to the action, and he bid at the sale, making no objection on that account. He may not have known, and probably did not know, that he

could not obtain a perfect title as against them at the time of his purchase. But it may be that they are satisfied with the sale, and are ready and willing to perfect the title. If they should remove the defect of which the purchaser complains, it would, under the circumstances of this case, be reasonable and just that he should be compelled to take the title. Therefore, instead of making a final order relieving him from the purchase, we will remit the case to the Special Term, to the end that he may there be compelled, if it should seem just to the court, to take the title, if made perfect, upon such terms as it may impose.

Our conclusion, therefore, is, that the orders of the General and of the Special Terms should be reversed, with costs to the appellant in both courts, and the case remanded to the Special Term for further hearing there upon the motion.

All concur.

Ordered accordingly.