(18 Misc. Rep. 134.)

## MAHONEY v. ALLEN et al.

(Supreme Court, Special Term, Albany County.  September, 1896.)

**1. PARTITION SALES—RELIEF OF PURCHASER.**
  A purchaser at partition sale, who knew that the time in which the real property of the deceased owner could be subjected to his debts had not expired, but believed that all creditors had been brought into the partition suit, may be released from his bid when other creditors proceed in another court for sale of the property to satisfy their claims.

**2. SAME—LIENS ON PROPERTY.**
  Where the terms of a partition sale do not provide that the property be sold subject to liens, a purchaser should be released from his bid, on discovery of a mortgage not discharged of record.

**3. SAME—PURCHASE BY MORTGAGEE—DEFECTS IN TITLE.**
  The presumption that a mortgagee, who purchased property at partition sale, knew of any defects in the title when he bid, may be rebutted, and does not prevent his questioning the ability of the referee to give good title.

**4. SAME—PURCHASE BY PARTY—ESTOPPEL.**
  Where a party purchases property at partition sale, the fact that, as a party, he is bound by the proceedings, and the final judgment confirming the sale, does not bar his questioning, as a purchaser, the quality of title the referee can give him.

Action by Margaret A. Mahoney against John J. Allen and others.

Thomas F. Fagan, for plaintiff.

John P. Curley, for defendant John J. Allen.

J. K. Long, in pro. per.

E. W. Douglas, for W. R. Bridges, creditor.

Warren, Patterson & Faulkner, for the Central Bank, creditor.

Thomas F. Galvin, William J. Roche, and H. D. Bailey, for Thomas Fleming, purchaser.

CHESTER, J.  The action is one for partition.  Upon the sale pursuant to the interlocutory judgment, James Fleming, who is a party defendant, bid in the entire premises directed to be sold, for the sum of $20,150, and paid the referee, pursuant to the terms of sale, 10 per cent. of his bid.  The referee's report of sale has been confirmed by an order of the court.  Thereafter, Fleming refused to complete his purchase, on the ground of alleged defects in the title of the premises, and of alleged irregularities of procedure in the action.  Three motions have resulted, and have been argued together:  First, the referee makes a motion to compel Fleming to complete his purchase, and to pay the balance of his bid; second, Fleming makes a cross motion to be released from his bid, to have his deposit of $2,015 returned, and to be reimbursed $250 for expenses in examining the title; and, third, Fleming makes another motion to have the final judgment and order confirming the sale vacated and set aside.  Substantially the same questions are involved in all these motions.  Fleming, in his notice to the referee declining to complete the purchase, assigned as his reasons therefor 23 alleged defects in the title offered him, and urges these and other alleged defects in support of his motions here.  Very many, and in fact most, of the alleged defects in this title are based upon records from 20 to 100 years old.  I think it probable that most, if not all,

of these defects have been cured by an adverse possession, or by statutes of limitations running against old mortgages alleged to be unsatisfied of record, but I have deemed it unnecessary to consider these questions. There are defects, however, alleged against the title, which are more recent, and which require consideration. In the first place, it appears that three years have not elapsed since letters of administration were issued upon the estate of Michael Allen, deceased, he being the ancestor from whom the present tenants in common derive their title. It appears that Michael Allen did not leave sufficient personal estate with which to pay his debts and funeral expenses, and although the record in this case shows that there has been an attempt to bring his creditors in, and have them paid out of the proceeds of sale in this action, yet that attempt has not been altogether successful, as since the sale a proceeding has been commenced in the surrogate's court, pursuant to the statute, for the sale of Michael Allen's real estate to pay his debts and funeral expenses. It is shown, in the second place, that a mortgage for $1,800, dated May 1, 1874, payable in five years, and made by Hannah M. Stickney to Hannah Evaline Stickney, covering a portion of the premises in question, has not been properly discharged of record. A paper purporting to be a discharge, executed by Caroline E. Struger, May 10, 1882, is on the record; but her ownership of the mortgage does not appear from the record, and therefore the recording by the clerk of this alleged discharge was unlawful, and is not effective to discharge the mortgage. The terms of sale contain no provision that the property was to be sold subject to any charge or lien; nor was that fact declared at the time of the sale, as required by section 1678 of the Code of Civil Procedure. It may be assumed, therefore, that the purchaser was entitled to receive a good, marketable title, free from liens or incumbrances. Either of the two defects last above referred to is sufficient, in my opinion, to justify the court in granting the relief the purchaser here asks for, unless there are some valid reasons which stand in the way of granting it.

It is urged that Fleming knew at the time he made his bid that three years had not expired since letters of administration were granted upon Michael Allen's estate, and that he made his bid with full knowledge of that fact, and therefore should not be relieved. While it is true that Fleming knew this fact, yet at the time of the sale it appears that he believed that the efforts to bring all of the creditors of Michael Allen into this case to receive the payment of their claims out of the proceeds of sale had been successful, and that there were no other outstanding debts against his estate. In this it appears that he was mistaken, for there were at that time other outstanding debts, under which an application has since been made to the surrogate's court to sell these premises, and a proceeding is now pending under that application. Fleming's affidavits show that at the time he bid he did not know of the claim under which that proceeding has been begun, nor of any claims of creditors that had not been proven in this action. It therefore seems clear that he is not barred on that account from the relief he now asks.

It is also claimed that because Fleming held several mortgages upon the property in question, taken at different times during the life of Michael Allen, he was presumed to know the title, and any existing defects in it, at the time he made his bid. But this is a presumption only, which may be rebutted. Manifestly, this presumption cannot stand in the way of his questioning the ability of the referee to give a good title to the lands while they are subject to be sold for the payment of debts, and I think Fleming has successfully rebutted the presumption by his affidavits on this motion as to the other defect last above mentioned.

The further claim is made that, as the allegation in the complaint that Michael Allen was owner in fee of the premises at the time of his death was not denied by Fleming in his answer, he is now estopped from claiming otherwise, and that Fleming, being a party to the action, is bound by the final judgment confirming the referee's report of sale, and cannot now be heard to question irregularities of procedure in the action. In my opinion, these facts should not prevent him, in his character as a purchaser, which is distinct from that as a party, from questioning the marketable quality of the title the referee can give him. Fleming is undoubtedly bound as a party by the final judgment, and should not now be heard to question the regularity of the proceedings in the action, unless they go to the question of jurisdiction. Woodhull v. Little, 102 N. Y. 165, 6 N. E. 266. But I am unable to see why this rule should compel him, as a purchaser at the sale, to take an unmarketable title,—made so, not because of defects in the procedure, but because of matters having no relation to alleged irregularities in the action. Miller v. Wright, 109 N. Y. 194–201, 16 N. E. 205. He was not a tenant in common of the property, and had no interest therein, except as a mortgagee. There was no adjudication in the action affecting him, except to fix his rights as the holder of mortgages subject to which the tenants in common took their titles. The creditors of Michael Allen who have instituted proceedings to sell his real estate to pay debts, and the holder of the unsatisfied Stickney mortgage, above mentioned, are not parties to the action, and their rights have not been adjudicated upon. It would be manifestly unjust to compel Fleming to take a title which might be the subject of attack by parties whose rights have not been the subject of adjudication in the action, when he is entitled by law to a marketable title, and one free from reasonable doubt. Jordan v. Poillon, 77 N. Y. 518; Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905.

There is some dispute in the affidavits over the question as to whether or not there was an agreement between the referee and Fleming to postpone the time fixed by the terms of sale for the completion of the purchase; the referee claiming that there was not, and Fleming insisting that there was. I do not regard it as of much importance to the decision of the matters involved here, to determine which is correct, for the reason that, upon the date fixed by the terms of sale for the delivery of the deed and the payment of the balance of the purchase price, the referee was unable to give a marketable title. It would have been of no avail for Flem-

ing to have tendered the balance of the purchase price upon that day, as the referee could not then have fulfilled the contract on his part.

I think that the motion made by the referee should be denied, but as he is the officer of the court, and has, I think, acted in good faith, it should be without costs. The motions made by Fleming, to be released from his bid, and to have his deposit of $2,015 returned to him by the referee, and to have the final judgment confirming the sale vacated, are granted, with costs of one motion. I also think that Fleming should be reimbursed for the reasonable value of the services required to properly examine the title. He claimes $250. In view of the time stated to have been spent in making the search, and of the conflict in the affidavits presented on the subject of the value of these services, I will fix the amount to be allowed therefor at the sum of $150. The above motion costs, and the $150 for examining title, should, in my opinion, be charged upon all the tenants in common who opposed Fleming's motions, pro rata, in proportion to the amount of their respective interests in the common property as determined by the interlocutory judgment.

Ordered accordingly; the order to be settled before me on two days' notice, if not agreed upon by counsel.