Gunter, J.
Trial to the court, judgment for plaintiff (defendant in error) upon the two causes of action stated. Therefrom the case is here.
Plaintiff testified. For the purpose of this ruling we accept her testimony as true. According to this, Andrew Whitehead, while acting as her agent for the purchase of certain realty, sold it to her for $1,250.00, he having paid therefor $850.00. Upon the theory that he, as her agent, bought at $850.00 and sold to her for $1,250.00, plaintiff sued by her first cause of action for the difference, $400.00.
The contention of defendant Whitehead is, that before he was the agent of plaintiff for the purchase of this property, he had contracted to buy it on his own account, and that, when he began negotiating a sale to her, he was the owner of the property.
The evidence is undisputed that Whitehead entered into a contract to purchase this property on his own account about January 1, 1899, and that a deed was executed by the owner thereof, Gifford, January 24, 1899, conveying it to him, which deed, *53 through no fault of Whitehead, hut through delay at Kansas City, did not reach Denver, the place of sale, until the latter part of February. .
There is no conflict in the testimony as to Whitehead having contracted to buy and Gifford having contracted to sell him this property about the first of January; he was, therefore, at that time, so far as this action is concerned, its owner.
It was not until the first week in February that Whitehead began negotiating with plaintiff for the sale of this property. According to her testimony, he was, from the first week in February, and not before, her agent for its purchase, and she acted upon his advice in subsequently malting it. During his negotiations with plaintiff, he concealed from her his ownership, and represented it to be in another.
The case, as to the first count, is reduced to this: Whitehead, when he became the agent of plaintiff for the purchase of the property in question, owned the same and thereafter, as her agent, sold it to her, concealing the fact that he was selling his own property. It is not claimed that the property is not worth the sum paid by plaintiff for it, nor is it claimed that any other fraud was practiced than that of concealment of his ownership. The only remedy the principal has in such case is to rescind the sale. In such case, he tenders back the deed and claims the purchase money paid.
In Ely v. Hanford, 65 Ill. 267, Ely contracted with Metz for the purchase from him of a lot for $2,500.00, for the joint benefit of Ely and Waite. Later, in the same month, Metz deeded the lots to Hanford, in fulfillment of the contract between Metz, Ely and Waite, Ely paying Metz the consideration, $2,500.00. At the time Ely and Waite contracted to buy of Metz, Ely was not the agent of Hanford to purchase, hut was acting for Waite and himself. *54 Afterwards Ely was the agent of Hanford to purchase the lot, and sold it to him for $4,050.00, Ely paying above $2,500.00 therefor, and concealing from Hanford his ownership. Hanford brought suit to recover back the difference between the amount paid by Ely for the lot and the amount paid by him to Ely therefor, on the alleged ground that Ely acted as his agent in making the purchase from Metz. The court said:
“This action, as we conceive, is sustainable only upon the ground that the relation of principal and agent existed between Hanford and Ely at the time the latter contracted with Metz for the lot. ■ * * * If, before and at that time, Ely had undertaken to act as the agent of Hanford, to make the purchase for the latter, he would be liable in this action to refund to Hanford the difference between what Han-ford paid him and what he paid Metz for the lot; for, being Hanford’s agent, this purcháse from-Metz would be Hanford’s purchase, and Hanford would, therefore, be entitled to the full benefit of the - contract.
“But if Ely, being part owner of this lot, by his contract with Metz of July 13, 1870, assumed, on the 15th day of the same month, to act as Hanford’s agent in the purchase of the lot for him, and did not disclose to Hanford the fact of his interest in- the lot, but represented to him that the property was wholly owned by another, then Ely would have, been the secret vendor of his own property, which would have been a fraud in law; but the only effect would have been that the transaction,would be voidable at the election of Hanford, the principle being that “if an agent sells to his principal his own property as the property of another, without disclosing the fact, the bargain, at the election of the principal, will be held void’ — 1 Story Eq. Jur., section 316. * * *
*55 ‘ *We can see no foundation for the asserted claim to enjoy the benefit of the contract by holding the lot, and. to recover hack from Ely the difference between what Hanford paid him for the lot and the original cost of the lot to Ely and Waite, in their purchase of it from Metz, provided the purchase from Metz was before the relation of principal and ágent'between Hanford and Ely arose.”
See also Meachem on Agency, § 462.
The wrong done here was, the agent, Whitehead, authorized to purchase for his principal, plaintiff, without the knowledge of his principal, purchased of himself. On discovering the fraud, her remedy was a rescission. Of this remedy she did not avail herself.
As to this cause of action, we think the lower court erred.
As to the second cause of action, if we accept the testimony of plaintiff — which we do for the purpose of this ruling — Whitehead was her agent, authorized to loan her money to the borrower, Brooks. Under this agency, Whitehead loaned him $700.00 of her money, he agreeing to pay as intérest therefor 2 per cent, per annum for three years, payable in advance,' and 8 per cent, per annum, such 8 per cent, to he evidenced by the note. He gave the note as agreed, and paid the 2 per cent, for the three years, amounting to $42.00, to Whitehead, who retained it. Whitehead never advised his principal that he had collected such, interest. Whitehead was the agent of plaintiff, according to her testimony, in making this loan, and any interest that the borrower agreed to pay for the loan belonged to her. Whitehead was not at liberty to make a profit for himself in this transaction by taking, part of the interest.
The-, judgment as to the first cause of action *56 should be reversed; as to the second cause of action, affirmed.
Judgment reversed. Reversed.