[No. 5547.]

WHITEHEAD v. LINN.

1. **Appeal—Law of the Case**—A decision of the court of appeals is not controlling, where, upon a second appeal taken to this court, the record discloses a state of facts materially different from that presented in the first appeal.—(429)

2. **Principal and Agent—Agent's Duty**—An agent employed to purchase lands is not permitted to put off on the principal, lands for which he has already secretly bargained, at a lower price than that exacted of his principal; he must account for the difference.—(430, 431)

*Appeal from Denver District Court* — Hon. FRANK T. JOHNSON, Judge.

Mr. JOHN G. TAYLOR and Mr. JAMES B. BELFORD, for appellant.

Messrs. CRANSTON PITKIN & MOORE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This case has been once in the court of appeals, where a judgment for the plaintiff, Mrs. Linn, appellee here, was reversed solely on a question of law, which was clearly applicable to the case as then made. The undisputed testimony at the first trial showed that the defendant, Andrew Whitehead, one of the appellants here, on January 24th, 1899, procured a conveyance, fair on its face and then unexplained, of the property, over which this controversy arose, from its owners, James M. Gifford and wife, thus apparently vesting title in him as of that date. The contention of the plaintiff was then, and yet is, that Whitehead, while acting as her agent for the purchase of the property in question, bought it for $850.00, taking title to himself, and immediately transferred it to her for $1,250.00. On this theory, in and by her first cause of action, the plaintiff sued Whitehead to recover the difference between the aforesaid purchase and sale prices, to wit, the sum of $400.00, out of which she claims she has been cheated by her alleged agent. Negotiations between said Whitehead and the plaintiff for the purchase and sale of this property began in the latter part of January, 1899, or early in February following. Upon the facts established at the former trial, the court of appeals held that, according to the evidence, including the deed of conveyance, nothing appearing to the contrary, Whitehead was the actual owner of the property before he began negotiations for its sale to Mrs. Linn, and even though he were then acting as her agent, still she, under such circumstances, would have no cause of action for the

recovery back from Whitehead of the $400.00, her remedy being a suit to rescind the contract. Manifestly, on the facts disclosed at the first trial, this law was applicable, and would be promptly invoked by this court under like conditions, but the record now here shows a vastly different situation. The testimony at the last trial, which also resulted in a judgment for plaintiff, to review which the present appeal is pressed, shows conclusively, we think, that Whitehead never in fact became the owner of this property, never had a contract to purchase it, and never even made a definite offer—certainly not in writing—to buy, until he first had an agreement from Mrs. Linn to purchase and pay $1,250.00 for it. As soon as he knew that Mrs. Linn would buy at that figure, and on the very next day after she so agreed, he wrote that he would take the property for $850.00; afterward, and upon the arrival of the deed of conveyance to himself, he collected from the plaintiff the $1,250.00, out of which he paid over to the owner the true purchase price of the property, $850.00, and placidly proceeded to pocket the $400.00 difference. The deed of conveyance to Whitehead, of date January 24, 1899, is shown by the evidence to have been originally executed and acknowledged with a view to a prospective sale of this property to another person, not Whitehead, in which conveyance the grantee and purchase price were left blank, to be filled in when the deal should be finally closed. That proposed sale failed, and the deed under consideration, though apparently completed as of date above indicated, was not in fact used or filled in, either as to the name of the grantee or as to the amount of the purchase price, until February 23rd following, when it was used as a matter of convenience, being already signed and acknowledged as of date aforesaid with no change therein, to consummate

the sale and conveyance to Whitehead. Strenuous objection was made at the trial against the admission in evidence of the testimony which established the foregoing facts, in relation to the manner and time of the filling in of the blanks in the deed, on the ground that it was an attempt to impeach the recitals thereof and thus invalidate it; and also that all parties and privies were estopped to question the verity of the deed recitals. No one sought to impeach the deed or invalidate it; its sufficiency as a deed is nowhere in question. This suit is in no sense one affecting title, and it presents no issue touching the validity of this deed whatever. No question of estoppel is involved. This matter was offered to show and establish the fact, if it might do so, that Whitehead never owned the property, and never got a title to it, until he first had it sold to his client, at a greatly advanced price, and for this purpose that testimony was clearly competent and admissible. It went only to the question of Whitehead's good faith in the transaction, which question, in our judgment, is the dominant one here for determination. Even counsel for Whitehead concedes the controlling nature of this inquiry, and thus aptly suggests it in his closing brief: "The main question in this case, as we see it, is as to the good faith of Whitehead." The trial court passed on this question, upon conflicting testimony, and found against Whitehead, which finding, even were it proper to do so, we have no inclination to disturb, since it is our confident conclusion that it is supported by the overwhelming weight of testimony. Whitehead bought this property with his client's money, while acting as her agent for that purpose; when he bargained it to the plaintiff, he had no title, neither a contract for one; indeed, he never sought title until he knew he had the property sold to the party for

whom he was acting. He will not be permitted to act in the dual capacity of buyer and seller at one and the same time. On the authority of *Ely v. Hanford*, 65 Ill. 267, the court of appeals properly held, when it appeared that Whitehead was the owner of the property, before he began negotiations for it and sold it to Mrs. Linn, that she could not recover back the difference between Whitehead's purchase price and the sale price thereof to her, but that her remedy was by an action to rescind. On the authority of the same case, since it now appears that Whitehead was not in fact the owner of the property at the time he sold it to Mrs. Linn, but that he was then acting as her agent for the purchase of the same, the present judgment on this cause of action must be affirmed, as the court in that case, among other things, said:

"This action as we conceive, is sustainable only upon the ground that the relation of principal and agent existed between Hanford and Ely at the time the latter contracted with Metz for the lot. If, before and at that time, Ely had undertaken to act as the agent of Hanford, to make the purchase for the latter, he would be liable in this action to refund to Hanford the difference between what Hanford paid him and what he paid Metz for the lot; for, being Hanford's agent, this purchase from Metz would be Hanford's purchase, and Hanford would, therefore, be entitled to the benefit of the contract."

So here, Whitehead being the agent of Mrs. Linn, his purchase from Gifford would be Mrs. Linn's purchase, and Mrs. Linn would therefore be entitled to the full benefit of the contract. This simply means that Whitehead must disgorge the $400.00. The law has little patience with people who engage in transactions of this character the regret

being that the opportunity afforded to properly reach and deal with them is altogether too infrequent.

The judgment on the second cause of action, of which complaint is now made, must be affirmed, on the authority of the court of appeals in the decision heretofore referred to. From a like judgment at the former trial, upon this cause of action, that court, on a state of facts not materially different from those now shown, unhesitatingly affirmed a judgment favorable to the plaintiff, and we now gladly adopt the views there expressed, under like circumstances and conditions, as approving the present finding in favor of the plaintiff on her second cause of action.

On both causes of action the conclusions of the trial court were absolutely right, both on questions of law and on questions of fact, and the judgment as a whole should be affirmed.         *Affirmed.*

Chief Justice Steele and Mr. Justice White concur.