No. 18,435.

W. R. HEWEY, *Appellee,* v. WILEY B. FOUTS et al. (WILEY B. FOUTS, *Appellant*).

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

FALSE STATEMENTS — *Inducing a Purchase—Liability for the Fraud.* One who makes false statements for the purpose of inducing another to buy property may be liable for the fraud, even although he has no interest in the deal and is not acting in collusion with the seller.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion denying a rehearing filed May 9, 1914. (For original opinion of modification see 91 Kan. 680, 139 Pac. 407.)

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellant.

*John W. Adams,* and *George W. Adams,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: In a petition for a rehearing it is strongly urged that the verdict was unjust, and was affected by erroneous trial rulings. Upon a careful reëxamination this court remains of its former opinion that there was enough evidence of fraud on the part of the defendant to take that question to the jury, and that it was fairly submitted to them. The original opinion failed to mention one contention of the appellant, which is now renewed. The plaintiff bought goods of one Prince. He claims that he was defrauded by reason of misrepresentations made by both Prince and Fouts, whom he alleges to have conspired together in the matter. The trial court gave an instruction to the effect that if a conspiracy was shown each conspirator would be bound by the acts and declarations of the other, but that even if there was no conspiracy a recovery might be had against Fouts if he was found guilty of fraud. The defendant Fouts maintains that the latter clause was erroneous, on the ground that, not being himself a party to the sale made to the plaintiff, he could be liable for false representations made concerning it only on the theory that he aided in a fraud perpetrated by Prince. We think the instruction was correct. If Fouts, knowing that the plaintiff was thinking of buying the goods, made false statements for the purpose of inducing him to buy them, and the trade was brought about by that means, he was liable although he had no personal interest in the matter and was not in conspiracy with Prince. "In order that an action to recover damages for false and fraudulent representations may be maintained, it is well settled that it is not at all necessary to show that the defend-

ant had any interest in the subject-matter of the representation, or that he was in any way benefited by making the same, or that he was in collusion with some other person who was benefited. He is liable, not upon any idea of benefit to himself, but because of his wrongful act and the consequent injury to the other party." (14 A. & E. Encycl. of L. 153.)

The petition for a rehearing is denied.