No. 19,242.

JOHN GILLIES, *Appellant*, v. GEORGE S. LINSCOTT, *Appellee.*

SYLLABUS BY THE COURT.

1. FALSE REPRESENTATIONS—*By Agent—Inducing Purchase of Corporate Stock—Liability of Agent.* Where an agent, by false representations affecting its value, induces his principal to authorize him to purchase treasury stock in a corporation, and instead of doing so procures other stock, previously issued, and delivers it without revealing its source, the principal may, after learning the facts, offer to return the stock to the agent, and maintain an action against him for the amount paid him.

2. LIMITATION OF ACTIONS—*Discovery of Fraud—Allegations of Petition.* In an action for relief on the ground of fraud, an allegation in the petition that the plaintiff did not discover the actual facts or the falsity of the representations made to him until a certain date will be regarded as negativing constructive notice, as well as actual, prior to that time, unless upon a motion directly challenging the language for uncertainty.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed February 6, 1915. Reversed.

*John D. Myers*, of Kansas City, Mo., for the appellant.

*Charles Hayden, E. D. Woodburn, F. T. Woodburn,* all of Holton, and *A. E. Crane,* of Atchison, for the appellee.

The opinion of the court was delivered by

MASON, J.: A defendant, after the impaneling of a jury, objected to the introduction of any evidence, on the ground that the petition failed to state a cause of action. The objection was sustained, and the plaintiff appeals.

The petition was filed May 21, 1913, and alleged substantially these facts: The defendant represented to

the plaintiff that the defendant, and his father and brother, were interested in a certain corporation to the amount of $30,000; that the company was offering its preferred stock for $100 a share, which at that figure was a safe and profitable investment. These representations were false, and were made to defraud the plaintiff by inducing him to purchase stock of the company through the defendant. The plaintiff relied on the representations and authorized the defendant to buy for him, from the company, twenty-eight shares of its capital stock, giving him $2800 for that purpose, $800 in 1904 and $2000 in June, 1907. The defendant converted the money to his own use, procured from other sources twenty-eight shares of stock which had been previously issued, and delivered them to the plaintiff under the representation that he had purchased them from the corporation. The defendant and his father and brother were not interested in the company to the extent of $30,000. The company was offering its stock on more favorable terms than $100 a share. The stock delivered to the plaintiff was of no value. The plaintiff first became aware of the actual facts about May 1, 1912. He offered to restore the stock he had received, to the defendant, and demanded the return of the money he had paid him, less the dividends paid on the stock. He asked judgment for $2800, less the sum of $140, which he had received as dividends on the stock first delivered.

The defendant describes the action as one for the rescission of a contract of sale and the recovery of the purchase price, and contends that it can not be maintained, because the owners of the stock, from whom the defendant procured it, are not made parties. The plaintiff, however, does not attempt to state a cause of action against the original owners of the stock, who may have acted in entire good faith, so far as appears from the pleading.

Giving the petition the liberal construction to which it is entitled when attacked in the manner indicated, it

may be regarded as stating a cause of action for damages resulting from the fraudulent representations of the defendant. It does not use the word "damages," but it contains allegations that the defendant, by false representations, induced the plaintiff to pay twenty-eight hundred dollars, for which he received stock having no value. Such conduct, irrespective of any profit to the defendant, would render him liable for the amount of the plaintiff's loss. (*Hewey v. Fouts,* 92 Kan. 268, 140 Pac. 894.) The plaintiff, however, contends that he may recover the amount paid to the defendant upon the ground that it was received and used by an agent in fraud of the rights of his principal, and we think the contention must be sustained.

"The relation of an agent to his principal is ordinarily that of a fiduciary, and as such it is his duty to act with entire good faith and loyalty for the furtherance and advancement of the interests of his principal in all dealings concerning or affecting the subject-matter of his agency, and if he fails to do so he is responsible to his principal for any loss resulting therefrom, or the principal may repudiate the acts of the agent and recover back any money or property paid him." (31 Cyc. 1430.)

(See, also, *Guernsey v. Davis,* 67 Kan. 378, 73 Pac. 101; *Sterling v. Smith,* 97 Cal. 343, 32 Pac. 320; *Whitehead v. Lynn,* 20 Colo. App. 51, 76 Pac. 1119; *Miller v. Wright et al.,* 109 N. Y. 194, 16 N. E. 205; *Marvin v. Buchanan,* 62 Barb. [N. Y. Supr. Ct.] 468.)

To avoid the bar of the statute of limitations the plaintiff relies upon allegations in the petition that on or about May 1, 1912, he "for the first time discovered and became aware of the actual facts in regard thereto, and that the statements and representations of the defendant as hereinbefore set forth were false." The defendant maintains that these allegations are insufficient because they refer to the time when the plaintiff received actual knowledge of the facts, as distinguished from constructive notice, through such information as to put him on inquiry, which would be suf-

ficient to interrupt the running of the statute. The language of the code is that "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." (Civ. Code, § 17, subdiv. 3.) To name a certain date as that on which the plaintiff for the first time discovered the actual facts and the falsity of the representations relied upon, is essentially to plead that the fraud was then discovered, and should be regarded as negativing any earlier notice, actual or constructive, unless upon a motion directly challenging the language for uncertainty.

The judgment is reversed and the cause remanded for further proceedings.