JANUARY TERM, A. D. 1917.

[No. 8657.]

## Boyle v. Poor.

1. Action—*Legal or Equitable.* Plaintiff alleged that she had deposited with defendant money to be loaned for her account, upon safe real estate securities, that defendant in fact appropriated the money, and turned over to plaintiff a promissory note which was his own property. Defendant admitted the employment but denied the deceit. The jury having found that defendant was acting as the agent of plaintiff, *held,* that though plaintiff had accepted the note with the indorsement of defendant, "Without recourse," the action was not an action in equity to set aside a completed written contract; that it was the violation of defendant's duty, not the fraud, which was the basis of the action.

2. Principal and Agent—*Liability of Agent.* An agent who being employed to lend the money of his principal converts it to his own use is liable either in assumpsit, or in an action *ex delicto.*

3. ——*Interest.* The agent is liable for interest upon the money from the date of the transaction. (Rev. Stat., sec. 3162.)

4. Verdict—*Misnomer in.* A verdict allowing as interest what the statute allows as damages, sustained.

*Error to La Plata District Court.* Hon. Wm. N. Searcy, Judge.

Messrs. McCloskey & Moody, for plaintiff in error.

Messrs. Russell & Reese, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

The complaint in this case in substance alleged that the defendant Boyle was, and for a long time prior to the transactions involved had been, engaged in the business of loaning money. That he had theretofore loaned and collected moneys for the plaintiff, and that she fully trusted him and his judgment as to land values, and relied on his good faith in the matter of placing loans for her. That prior to the 29th day of March, 1910, plain-

tiff placed, and caused to be placed, in the hands of the defendant sums of money in the aggregate of $2,500.00 with the agreement that this sum should be loaned upon safe real estate security, and to net the plaintiff interest at eight per cent per annum.

That the defendant afterward represented to the plaintiff that he had made a safe loan for her of the said sum of $2,500.00, and delivered to her the promissory note of one Herbert H. Smith in said sum, payable one year from its date, and in addition, two interest notes of one hundred dollars each.

That in truth and in fact the defendant did not so loan her money or at all, but gave the plaintiff a note in that sum which was his own property, and which was secured jointly with another note in the sum of $3,185.00, also the property of defendant, by a trust deed upon certain lands. That the said notes and trust deed were executed by Smith to the defendant in renewal of other notes, and for money theretofore advanced, by defendant to Smith, from time to time, covering a period of several years. That defendant did not loan the money for plaintiff upon safe security, or at all, as he had agreed, but instead delivered to her a note which was his own property, secured as above, and that she was thereby defrauded and deceived, and did not discover the fraud until some time in 1913.

The plaintiff tendered in her pleadings and in court the said $2,500.00 note, with one of the unpaid interest notes. Prayer was for judgment in the sum of $2,500.00 with interest from the date of the transaction, less the sum of $100.00 received from defendant, in payment of one of the interest notes.

The allegations of the complaint were admitted, with the exception that the deception charged was denied, and the defendant alleged that he explained fully to the plain-

tiff that the note was his property, how it was secured, all the facts in relation to it, and that the plaintiff with such knowledge purchased the note.

Verdict and judgment was in favor of the plaintiff in the sum of $2,500.00 and interest from the date of the reception of the note by plaintiff.

There are two assignments of error relied on. First, that the case was tried to a jury over the objection of defendant, the contention being that it is an action in equity, and not an action at law. Second, that it was error to allow interest on the principal sum. The argument under the first assignment being: that plaintiff's acceptance of the notes endorsed "without recourse" constituted a completed written contract between the parties; that the real relief sought in this action is to have the court set aside and rescind her present contract and to make a new contract, or enforce a new or different obligation from that contained in her written contract; that the relief sought is an appeal to a court of equity to change her present status and contract, and that the right to a money judgment is the result of such power in the court to make said change, and a mere incident to the relief.

Counsel cite many cases from this court to sustain this contention, but all such are purely equity cases, involving title or property either in trust or otherwise. This case involves the relation of principal and agent. Under the testimony produced by the plaintiff she was entitled to recover. Under the testimony produced by the defendant the plaintiff was not entitled to recover. It was for the jury to determine the fact under such conflicting testimony. By its finding it determined this question of fact in favor of the plaintiff.

The court fully instructed the jury that if they found from a preponderance of the evidence in favor of the con-

tentions of the plaintiff as to this question of fact, then their verdict should be for the plaintiff, otherwise for the defendant. The instructions of the court in this respect seem to correctly state the law of the case.

This left nothing for the jury but to determine the fact. This is not an action to change, amend or rescind a contract. The sole question for the jury was to determine what the contract was. It is not therefore an equitable action at all.

Under the finding of the jury the defendant was acting as the agent of the plaintiff with an express undertaking to do an act requiring both skill and fidelity upon which the plaintiff relied. Therefore, it is the breach of duty and not the fraud which form the basis of the action. It is a case where the agent having received the money of his principal to perform a specific trust, wholly omitted to perform such trust and converted the money to his own private use. This breach of duty, subjects the agent to an action, either in *ex delicto* or of assumpsit. *Reeside, Exr., v. Reeside,* 41 Pac. 222, 88 Am. Dec. 503, 31 Cyc. 1808-9.

The principle is well stated in *Challis v. Wylie,* 35 Kan. 506, 11 Pac. 438, where it was said:

"Wherever a person commits a wrong against the estate of another, with the intention of benefitting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrong-doer to pay to the party injured the full value of all benefits resulting to such wrong-doer, and in such a case the party injured may elect to sue upon the implied contract for the value of the benefits received by the wrong-doer."

*King v. MacKellar,* 109 N. Y. 215, 16 N. E. 201, presents a case very similar in fact, and in which the precise principle is involved. It was there said:

"We think that there was no investment at all of plaintiff's moneys; and if what was done by defendant can be assumed to have been in the nature of an investment, it was unauthorized, and was, in any case, not such as the courts will countenance or allow in one acting in a fiduciary capacity for another. When plaintiff discovered the facts, then she had the right to repudiate and disregard the defendant's acts, and to revoke the defendant's authority to dispose of her moneys and to reclaim the possession of those moneys, of which, on one theory of the case, no investment had been made, and, on the other theory, but a colorable and unauthorized investment was set up.

If there was no investment, she had the right to revoke the original authority and to reclaim her moneys. If there was a disposition of the same by some form of investment not authorized by the terms of the agency, and not sanctioned by the law, then the matter stood as if no investment had been made, and she had the right to revoke his authority and to reclaim her moneys. It was the discovery of the true state of affairs that gave her the right to revoke her authority to the defendant and to demand back her moneys, and, upon a refusal to comply, to commence an action against him."

The principle seems to be well sustained in the following cases: *Reyer v. Blaisdell,* 26 Colo. App. 387, 143 Pac. 387; *Whiteside v. Linn,* 45 Colo. 427, 102 Pac. 287.

The alleged error as to excess judgment cannot be sustained. Section 3162, Rev. Stat. 1908, provides among other things that interest at the rate of eight per cent per annum may be allowed "on money received to the use of another and retained without the owner's knowledge." This seems to be the fact in this case and the statute applies.

The rule of law is also that where money or property belonging to one person has been received and converted, that the measure of damages is the value of the money or property, with damages equal in amount to legal interest for the time the money was converted. The verdict was for "the sum of $2,500.00, with interest at eight per cent per annum from April 15th, 1910, to March 24th, 1915, less $100.00."

It is not contended but that this was the exact amount to which the plaintiff was entitled under the finding, but that the jury allowed it as interest, and not as damage. It is not explained how this could in any manner prejudice the defendant, and it could not. The jury named it as interest and the law allowed it as damages, in the precisely stated amount. This was not prejudicial error.

This question has been expressly determined as against the contention of plaintiff in error in the case of *Perkins v. Marrs*, 15 Colo. 262, 25 Pac. 168.

Judgment affirmed.

WHITE, C. J., and GARRIGUES, J., concur.

Decided November 6, A. D. 1916. Rehearing denied May 2, A. D. 1917.